Nathan THOMAS, Appellee,

v.

W. K. CUNNINGHAM, Jr., Superintendent of the Virginia State Penitentiary, Appellant.

No. 9324.

United States Court of Appeals
Fourth Circuit.

Argued April 21, 1964.

Decided June 23, 1964.

Reno S. Harp, III, Asst. Atty. Gen. of Virginia (Robert Y. Button, Atty. Gen. of Virginia, on brief), for appellant.

Lewis T. Booker, Richmond, Va., for appellee.

Before SOBELOFF, Chief Judge, and BOREMAN and BRYAN, Circuit Judges.

PER CURIAM.

The District Court upon remand after the first appeal, Thomas v. Cunningham, 313 F.2d 934 (4 Cir. 1963), granted Nathan Thomas a full and complete hearing on his petition for habeas corpus. An order was then passed requiring petitioner's jailor, the Superintendent of the Virginia State Penitentiary, to release him unless the State within 60 days "elects to retry him or perfects its appeal". On that appeal we affirm.

As the prior opinion narrates in some detail, Thomas was convicted upon pleas of guilty on July 22, 1955 in the Circuit Court of Buchanan County, Virginia of six larcenous felonies, with sentences totaling twelve years in the penitentiary, two on each indictment. The Circuit Court denied his counsel's motion after indictment for Thomas' commitment for observation and report of his mental competency to stand trial. The September following he was indicted, and on his plea—without request for a mental determination—found guilty of grand larceny in the Circuit Court of Dickenson County, Virginia and sentenced to five years more.

The Buchanan judgments are assailed in the present petition on the averment that the refusal of the mental examination was a deprivation of Federal due process, inasmuch as the evidence before the State court disclosed "reasonable ground to doubt his sanity". In these circumstances the Virginia statute commands such an inquiry. Va.Code 1950, § 19.1-229. See Wood v. Commonwealth, 146 Va. 296, 135 S.E. 895, 898 (1926). The Dickenson sentence is also attacked for want of due process—the inadequacy of Thomas' legal representation. His assigned attorney (not his counsel here) conferred with him for only a few moments before entry of the guilty plea.

■ As regards the Buchanan sentences the clearly acceptable findings of the District Judge disclose a sufficient indication of mental deficiency to have required an advance inquiry of Thomas' capacity to comprehend the trial. A preliminary legal determination must be made, however, as to the justiciability of the Buchanan sentences by the District Court because Thomas had finished serving the last of them before entry of the order now on appeal.

■ With respect to the Dickenson proceeding the District Judge found, securely underpinned in the evidence, a want of adequate legal counsel prior to plea and sentence. First, however, we must determine whether Thomas had exhausted his State remedies—a prerequisite under the pertinent habeas corpus statute, 28 U.S.C. § 2254—before seeking relief in the Federal Court from the Dickenson mittimus, which still imprisons him.

■ I. The ratio decidendi of Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963), suggests that jurisdiction of the District Court to adjudicate the validity of the Buchanan

sentences survived the expiration of their imprisonment of him, because at the date of his petition Thomas was detained under the last of the Buchanan judgments and through no fault of his, decision on the petition could not be reached until after service of the term. With this greater breadth accorded the writ, we do not think, certainly in the present circumstances, Parker v. Ellis, 362 U.S. 574, 80 S.Ct. 909, 4 L.Ed.2d 963 (1960) would be a bar. The review should comprehend not only the last but all the Buchanan sentences. The entire sequence of them was passed at the same time and each was infected with the same infirmity. Furthermore, every preceding term was a factor in the detention under every succeeding one, because Thomas was held not only for service of the current term but as well to satisfy the subsequent terms.

█ Reason and necessity underlie these conclusions. As pointed out in United States v. Morgan, 346 U.S. 502, 512, 513, 74 S.Ct. 247, 98 L.Ed. 248 (1954), a sentence results in more than physical confinement and is not spent by the lapse of its stated period. It persists in many aspects beyond its calendared end. With its effect projecting beyond termination of the imprisonment, its termination should not foreclose correction.

█ If the conviction is not genuine, the record should be effaced forthwith. More, we are not told of a means as efficient or orderly as habeas corpus for the absolution. Error coram nobis, as indulged in United States v. Morgan, supra, 346 U.S. 502, 74 S.Ct. 247, cannot issue under the instant proceeding, nor may it be read as a 28 U.S.C. § 2255 motion; Pollard v. United States, 352 U.S. 354, 77 S.Ct. 481, 1 L.Ed.2d 393 (1957); for the judgments are not in the court which Thomas has petitioned. The facts, in their entirety and without controversy, are before us now. Relegation of the case for hearing on a different precept is not demanded in order to accord the State due process.

█ II. The Dickenson County judgment is patently void for want of adequate legal representation, Jones v. Cunningham, 313 F.2d 347 (4 Cir. 1963); Whitley v. Cunningham, 205 Va. 251, 135 S.E.2d 823 (1964), and we think the instant case ripe for a declaration to that effect. The argument to the contrary—that Thomas has not first followed through on the available State remedies—should not prevail.

In 1959, when he was serving his fourth Buchanan sentence, the petitioner sought delivery through habeas corpus in the Supreme Court of Appeals of Virginia, invoking its original jurisdiction. Virginia Constitution § 88; Code of Va. 1950, § 17–97. Failing there, he applied to the United States Supreme Court for certiorari but again did not succeed. Thomas v. Smyth, 361 U.S. 890, 80 S.Ct. 165, 4 L.Ed.2d 125 (1959). The petition to the Virginia court discloses that the Dickenson judgment was questioned upon the same ground inter alia taken here—absence of effective representation.

But the point is now made that the Supreme Court of Appeals would not then consider an assault on the Dickenson commitment inasmuch as it was premature—there being no detention under it at that time. McNally v. Hill, 293 U.S. 131, 138, 55 S.Ct. 24, 79 L.Ed. 238 (1934). The record does not reveal the reason the petition was refused. While the supposed basis is understandable, it is still no more than an assumption.

In this milieu we do not read 28 U.S.C. § 2254 to demand of Thomas, or burden the State court with, a duplication of his steps. He has not by-passed the State court, and so has observed all considerations of comity—the object of § 2254. Fay v. Noia, 372 U.S. 391, 418, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). The Supreme Court of Appeals has unequivocally announced—just recently and since Thomas was there—that such a brief conference as was accorded him by counsel vitiates conviction. Whitley v. Cunningham, supra, 135 S.E.2d 823. His efforts to obtain such an enunciation on his behalf began five years ago. To send him back

to the State court now would be to follow the letter but ignore the spirit of § 2254.

These are "exceptional circumstances * * * [which] require prompt federal intervention", Darr v. Burford, 339 U.S. 200, 219, 70 S.Ct. 587, 94 L.Ed. 761 (1950), excusing exact compliance with the statute. Frisbie v. Collins, 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541 (1952).

For these reasons we affirm the order of the District Court, and direct that Thomas be released from imprisonment within 30 days unless in that period the State undertakes retrial of the indictments reviewed herein.

Affirmed.