# Richmond

## RONALD LEE BLOWE v. C. C. PEYTON

June 12, 1967.

Record No. 6431.

Present, All the Justices.

*W. Leigh Ansell* for plaintiff in error.

*Reno S. Harp, III, Assistant Attorney General (Robert Y. Button, Attorney General,* on brief), for defendant in error.

SPRATLEY, J., delivered the opinion of the court.

At its August term, 1955, the grand jury in the Corporation Court of the City of Norfolk, Part Two, returned an indictment containing two counts charging Blowe with robbery by force and violence. Count One charged that Blowe "on the 28th day of June in the year 1955, in the said City of Norfolk on and upon one Austin Wormley, then and there being, feloniously did make an assault, and by partial strangulation and suffocation and by striking and beating, and by other violence to the person of the said Austin Wormley, him, the said Austin Wormley, in bodily fear feloniously did put, and, to-wit, $15.67 of United States Currency of the value of, to-wit, $15.67 of the goods, chattels and moneys of the said Austin Wormley, from the person and against the will of the said Austin Wormley, then and there feloniously and violently did steal, take and carry away, * * *." The second count alleged the same offense.

Trial on the indictment was had on August 18, 1955. The judgment rendered on that day recited:

"Ronald L. Blowe, who stands indicted for Robbery, was this day led to the bar in the custody of the Jailor of this Court, and came as well the Attorney for the Commonwealth, and the Attorney for the defendant, said attorney having been appointed for him by the Court at the request of the said defendant, due to his inability to secure counsel of his own choosing, all of which is designated in writing, signed by the defendant and filed herewith and made a part of the record, and upon being arraigned, and after being advised by counsel, the said defendant plead not guilty to the said indictment, * * * (a jury was selected and sworn without exception) and at the conclusion of the Commonwealth's evidence, thereupon the defendant, by counsel, moved the Court that he be permitted to withdraw his plea of not guilty to the said indictment, and enter a plea of guilty to Grand Larceny, as charged in the said indictment, which motion, being fully heard and determined by the Court, is sustained, whereupon the Court declared a mistrial, and John F. Small, Jr., one of the

jurors, was withdrawn, and the other jurors were discharged from further consideration of the case. Whereupon the defendant, upon again being arraigned, and after being advised by counsel, tendered in person his plea of guilty to Grand Larceny, as charged in the said indictment, and with the concurrence of the Attorney for the Commonwealth, and the Attorney for the defendant, and of the Court, entered of record, the said plea was accepted and the whole matter of law and fact was heard and determined by the Court, without the intervention of a jury, and having heard the evidence and argument of counsel, it is considered by the Court that the said defendant is guilty of Grand Larceny, as charged in the said indictment, and that his punishment be fixed at confinement in the Penitentiary for the term of Two Years. * * *"

No exception was taken to the judgment and no appeal was noted or taken.

Blowe completed his service of the above sentence on January 28, 1957.

Nine years and eight months after the imposition of the sentence, Blowe, *in propria persona*, filed on April 16, 1965, a writing entitled "Petition For Writ of Error *Coram Vobis*." Virginia Code, 1950, § 8-485. He alleged that the above judgment was void upon the grounds: (1) that he could not have been convicted of grand larceny under the indictment upon which he was tried; (2) that he did not have the effective assistance of legal counsel, because counsel was appointed on the "Same Day of Trial," and, therefore, was "without adequate time to prepare a proper defense, in law, to the charge of larceny;" (3) that he was denied a fair and impartial trial; and (4) denied a "Preliminary Examination at time of Trial."

On June 11, 1965, the trial court appointed W. Leigh Ansell to represent Blowe in this proceeding. Leave was given counsel "to file an amended petition, according to his discretion, if he deemed it necessary," and to employ a court reporter to take down in writing the proceedings at the hearing of the petition.

On July 28, 1965, C. C. Peyton, respondent, Superintendent of the Virginia State Penitentiary, filed his answer praying that "the petition for a writ of *habeas corpus*" be dismissed. He said that he was detaining Blowe "pursuant to a judgment of the Corporation Court of the City of Norfolk, of March 23, 1956, wherein the petitioner was sentenced to serve a term of five (5) years, having been convicted of Grand Larceny on Indictment No. 2" entered on the above date;

and that Blowe was not detained pursuant to the sentence imposed on August 18th, 1955, the sentence which he attacked.

No amended petition was filed. A court reporter was employed, and on October 7, 1965, agreeable to all parties, the case came on to be heard on the pleadings, the evidence presented, and exhibits filed.

At the outset of the hearing, there was a discussion as to whether the petition was for a writ of *habeas corpus* or for a writ of error *coram vobis*. Counsel for Blowe declared that it "is not a petition for *habeas corpus*, it is a petition for a writ of error *coram vobis*, which—and I will say this—I don't believe it makes any difference whether it is *coram vobis* or *habeas corpus*." He agreed that Blowe was not being detained by virtue of the sentence imposed on August 18, 1955, and was not serving a recidivous sentence. He argued, however, "that still subsequent convictions have penalties," and make "a difference to him (Blowe) for the future," and, therefore, Blowe was entitled to proceed by *coram vobis* under the broadened concepts of that writ.

A further discussion of the law and evidence ensued. Thereupon, counsel for Blowe said: "I'm willing to stipulate as to the records which I have filed with the Answer (sic), which do not necessarily mention any testimony, and I prefer to have the Petitioner on the stand, and to cross-examine those witnesses that the Respondent has subpoenaed."

Thereupon, Stewart J. Melton, Director, Bureau of Records, Virginia State Penitentiary, appearing out of order, on behalf of Peyton, took the witness stand and, after being sworn, testified that:

According to the prison records, Blowe was convicted on July 21, 1953, in the Corporation Court of the City of Norfolk, Part Two, and sentenced to three years for statutory burglary. He completed that sentence on April 9, 1955. He was next convicted on August 18, 1955, in the same court of grand larceny, and sentenced to serve two years in the penitentiary, the sentence under attack.

On November 16, 1955, a sentence of one year was imposed upon Blowe as a recidivist. This sentence was completed on September 28, 1957.

On March 23, 1956, he was tried and convicted in the Corporation Court of the City of Norfolk, Part Two, on three indictments. On Indictment No. 1 for robbery, he was sentenced to ten years. This term expired July 8, 1964. In Indictment No. 2 for grand larceny, he was sentenced to five years, which sentence will expire on No-

vember 8, 1967. On the third indictment for possession of burglarious tools, the sentence was for five years, to run concurrently with the sentence imposed under Indictment No. 2, and will expire on November 8, 1967.

On May 16, 1956, he received a sentence of one year for escape. This sentence will expire July 8, 1968. On July 18, 1956, he was given a ten-year term as a recidivist. This sentence was declared null and void on May 22, 1963, and on the same day, he was retried and received a sentence of ten years, five years of which are to be suspended during good behavior. With anticipated good behavior, the latter term will expire on November 8, 1971.

No other testimony was presented or offered to be presented.

At the conclusion of Melton's testimony, a further discussion ensued between counsel for the parties and the court as to the character of the proceeding. The court indicated that it would treat it as for *habeas corpus*, and would deny the writ in view of the fact that it lies only to attack the validity of a prisoner's immediate detention. Counsel for petitioner then said that: "(T)he Petition itself, as filed by the Petitioner here, is a *Coram Vobis* Petition, and I believe that I can show the Court now that we still should carry on here today under *Coram Vobis*, and I'd like to present my argument on that." The court replied: "Go ahead, sir, and do just that."

When asked by the court: "What error do you intend to point out, that occurred at the trial? You cannot attack history, sir," counsel replied: "We figure we can attack the inadequacy of counsel for the Petitioner, and in several errors listed here, Your Honor, and if you want to go into them now, I feel that I can—." The court said: "I'm ready, sir."

Petitioner's counsel continued to argue that *coram vobis* was applicable; but notwithstanding the request of the court that he point out any errors relied on, he assigned none, except the ineffective aid of counsel at his August 18, 1955, trial. Told the second time to go ahead with the presentation of evidence, if any, showing that that judgment was invalid, and asked what clerical error, if any, was alleged in the petition, counsel merely replied that there were "clerical errors" and "factual errors that also occurred, and that is all I have Your Honor." Asked if he would rest at that stage, counsel replied, "Yes, Your Honor."

In consideration of the pleadings, the evidence and the argument of counsel, the court found that Blowe could not attack a sentence

which he was not currently serving, and held that the motion of Peyton to dismiss "the petition as one for a writ of *habeas corpus*" should be sustained. The judgment order further recited: "Upon motion of the petitioner (that he) be allowed to proceed by a writ of *coram vobis* and after hearing arguments thereon the Court doth find that the petitioner has alleged in his petition those matters which should be determined by *habeas corpus;* and the Court doth further find that the petitioner is not precluded from bringing his petition for writ of *habeas corpus* at the proper time; and the Court doth further find that a writ of error *coram vobis* is not the proper method by which the petitioner should proceed and for the foregoing reasons the Court is of the opinion that the motion of the petitioner should be overruled." Judgment was entered accordingly. Blowe excepted.

On appeal, Blowe's counsel asserts that the court erred "in denying petitioner to proceed in the hearing on writ of error *coram vobis* or, in the alternative, writ of *habeas corpus*."

[1] *Habeas corpus* is a writ of inquiry granted to determine whether a person "is detained without lawful authority." § 8-596, Code of Virginia, 1966 Cum. Supp. "It is available only where the release of the prisoner from his immediate detention will follow as a result of an order in his favor. It is not available to secure a judicial determination of any question which, even if determined in the prisoner's favor, could not affect the lawfulness of his immediate custody and detention. It cannot be used to modify or revise a judgment of conviction." *Peyton* v. *Williams*, 206 Va. 595, 601, 145 S. E. 2d 147. *McDorman* v. *Smyth*, 187 Va. 522, 47 S. E. 2d 441; *Smyth* v. *Holland*, 199 Va. 92, 96, 97 S. E. 2d 745; *Smyth* v. *Midgett*, 199 Va. 727, 730, 101 S. E. 2d 575.

The sentence of August 18, 1955, had no relation to, and did not serve as a basis for the sentence imposed on March 23, 1956, the sentence for which he is currently being detained. A judgment in his favor in this proceeding could not affect the lawfulness of his immediate custody, nor grant him relief from that detention. Consequently, we hold that the court did not err in denying the application for a writ of *habeas corpus*.

[2] In Virginia, we have by statute provided for a proceeding by motion to correct "any clerical error or error in fact for which a judgment or decree may be reversed or corrected," as a substitute

for the common law writ of error *coram vobis*, sometimes called *coram nobis*. § 8-485, Code of Virginia, 1957 Repl. Vol.*

The courts are now frequently called upon to deal with petitions or motions for writs of error *coram vobis* on the basis of the lack of availability of *habeas corpus* under the facts and circumstances of the particular case.

There is a wide difference of opinion both in the federal and state courts as to the availability of the remedy of *coram vobis*. *United States* v. *Morgan*, 346 U. S. 502, 98 L. ed. 248, 74 S. Ct. 247, dissenting opinion at page 255; 30A Am. Jur., Judgments, §§ 734-749; 49 C. J. S., Judgments, §§ 311-313; Annotation 62 A. L. R. 2d 432 *et seq.*

Our statute is in simple, clear and unambiguous language, and we read it to mean what it says. It does not provide that it may be used to obtain a writ of error, or an appeal, or for any purpose other than to correct a "clerical error or error in fact." It does not supplant the writ of *habeas corpus*. If its provisions should be widened, the enlargement should be effected by the legislature.

We have not had occasion heretofore to consider whether a motion for a writ of error *coram vobis* may be substituted for a petition for a writ of *habeas corpus*. In *Dobie* v. *Commonwealth*, 198 Va. 762, 769, 96 S. E. 2d 747, we set out the function and purpose of *coram vobis*.

Blowe argues that the availability of *habeas corpus* and *coram vobis* should be tested under the principles declared by the federal court in *Martin* v. *Commonwealth*, (4th Cir.) 349 F. 2d 781 and *Thomas* v. *Cunningham*, (4th Cir.) 335 F. 2d 67. The facts and circumstances in those two cases differ from those here.

In the *Martin* case, the court held that where a prisoner's escape and larceny convictions barred his eligibility for parole that federal *habeas corpus* was available to attack such convictions.

In the *Thomas* case, the court said that the evidence sustained the finding of want of adequate legal counsel prior to plea and sentence of state prisoner; and that *habeas corpus* is the most efficient and orderly means for correction of an improper conviction.

In the cases of *Twiford* v. *Peyton*, (4th Cir.) 372 F. 2d 670 and *Fields* v. *Peyton*, (4th Cir.) decided March 7, 1967, it was held that

---

* "§ 8-485. For any clerical error or error in fact for which a judgment or decree may be reversed or corrected on writ of error *coram vobis*, the same may be reversed or corrected on motion, after reasonable notice, by the court, or by the judge thereof in vacation."

where counsel is appointed in a felony case so close to trial that he is not afforded a reasonable opportunity to investigate and prepare a case prejudice results, and the burden of proving lack of prejudice is shifted to the State.

In the *Fields* case, the court disagreed with our findings in *Peyton v. Fields*, 207 Va. 40, 147 S. E. 2d 762.

[3] We have condemned the appointment of counsel too shortly before trial. *Whitley* v. *Cunningham*, 205 Va. 251, 135 S. E. 2d 823. However, we hold that effective assistance of counsel is not denied, notwithstanding the late time of appointment, or lack of preparation of counsel, where the record shows affirmatively that the prisoner was not prejudiced. So the Federal Courts have held in *Turner* v. *Maryland*, (4th Cir.) 318 F. 2d 852; *Dawson* v. *Peyton*, (4th Cir.) 359 F. 2d 149; and *Braxton* v. *Peyton*, (4th Cir.) 365 F. 2d 563. We think that the facts and circumstances of the case under review bring it within the area above defined.

This brings us to a review of the record. The evidence introduced at the August 18, 1955 trial is not made a part thereof. All questions of fact resolved by the trial court must, therefore, be accepted as conclusive. *Smyth* v. *Midgett, supra,* 199 Va., at page 729.

The record affirmatively denies and contradicts the allegations in Blowe's petition.

(1) The indictment under which he was convicted included the charge of grand larceny, that is the larceny of property of a greater value than $5.00 from the person of another. Sections 18.1-100 and 19.1-249, 1960 Repl. Vol.

[4] (2) The change of the plea of not guilty of robbery to a plea of guilty of grand larceny was a matter of judgment, and not a "clerical error or error in fact." It was made and accepted by the court at the request of Blowe's counsel, with Blowe's consent, and after both had heard the evidence of the Commonwealth. Both Blowe and his counsel were, upon each arraignment of Blowe, given notice of the punishment, which might be imposed upon conviction of robbery or grand larceny respectively.

(3) There is no evidence, express or implied, that Blowe was denied a fair and impartial trial. The transcript of the record reflects the patience, care and consideration which the trial judge gave to him. By word and order he directed that Blowe be afforded every safeguard provided by law. At the conclusion of the evidence, he imposed a sentence of two years, when he might have imposed twenty years.

[5] (4) A preliminary hearing in a criminal proceeding is not required by statute or by due process of law after one has been indicted. *Webb* v. *Commonwealth*, 204 Va. 24, 30, 129 S. E. 2d 22.

It is true that Blowe did not escape conviction. He offered no evidence in his own behalf, nor called any witnesses to testify. He does not claim that he was denied any right or was subject to duress or coercion. His counsel, after hearing the evidence of the Commonwealth, did assist him in obtaining trial for a lesser offense than that charged against him. He voluntarily entered a plea of guilty, in person, with knowledge of the evidence against him and the measure of punishment upon conviction, satisfied that he had no hope of presenting a successful defense to the charge of grand larceny. Perhaps, in his desire to create a favorable atmosphere by the admission of his guilt, or to have a speedy trial, guaranteed to him by the Constitution, or to obtain leniency by lessening the time which might be futilely consumed in contest over the issue of guilt, or for some reason best known to him, he entered a plea of guilty.

There is no evidence to show that Blowe was prejudiced by the lack of time for preparation of his defense by counsel. As a matter of fact, his counsel told the court that he wanted to proceed.

We agree with the trial court that neither *habeas corpus* nor *coram vobis* is available under the facts and circumstances of this case. According to the record, Blowe has had a fair and impartial trial, and, as a result of following the advice of counsel, received a lighter sentence than that which otherwise might have been imposed upon him. No "clerical error or error in fact" has been pointed out in the pleadings or in the evidence.

The judgment of the trial court is, therefore, affirmed.

*Affirmed.*