**Dale Leroy DANIELS, Plaintiff-Appellant,**

v.

**Louis S. NELSON, Warden, Defendant-Appellee.**

**No. 71–1699.**

United States Court of Appeals, Ninth Circuit.

Jan. 4, 1972.

Rehearing Denied Feb. 10, 1972.

Richard O. Stevens, San Francisco, Cal., for plaintiff-appellant.

Evelle J. Younger, Atty. Gen. of Cal., William E. James, Asst. Atty. Gen., Russell Iungerich, Norman N. Flette, Deputy Attys. Gen., Los Angeles, Cal., for defendant-appellee.

Before CHAMBERS, DUNIWAY and TRASK, Circuit Judges.

PER CURIAM:

Daniels was convicted in a California state court under 5 counts of an information charging rape committed upon his daughter (2 counts), incest with his daughter (2 counts), and incest between his wife and his son under his compulsion (1 count). He now appeals from a denial of his petition to the United States District Court for a writ of habeas corpus. The district court denied the writ without a hearing on the ground that Daniels had not exhausted his remedies in the California courts.

In an amended petition Daniels stated eight grounds for the granting of the writ. His counsel concedes that six of them were never presented to the California courts. The facts as to the other two are these:

1. *Involuntary confession.* Daniels was arrested in the evening, and early the next morning he was interviewed by a police officer who gave him a full statement of his constitutional rights. Daniels declined to answer any questions. He was then told by the officer that his wife, daughter and son were in custody under possible charges of incest and that his other six minor children were being held in the juvenile hall. The officer testified that he made no promises to Daniels and that testimony is uncontradicted in the state court record. The same day at about noon, Daniels asked to see the officer and said that he was willing to make a statement. The officer again reminded him of his constitutional rights, asked if he understood them and asked if Daniels was willing to waive his rights. Daniels said that he did not want a lawyer present and signed the waiver. He then made a full confession. On appeal to the California Court of Appeal following his conviction, Daniels contended that his confession was involuntary because he had been told that his family was incarcerated and some of them were subject to possible criminal charges, and he thought that the only way to get them released was to sign a confession in which he said that they acted under his threats to kill them. This contention was rejected by the California court.

See People v. Daniels, 1 Cal.App.3d 367, 81 Cal.Rptr. 675, 680–681.

In his present petition for a writ of habeas corpus Daniels alleges that the police officer promised him that if he would give a confession his family would be released, and that after he gave the confession his family was released. These allegations have not, so far as the record discloses, been presented to the California courts. The contention made in the California courts that most closely approaches them is an argument made by Daniels' counsel on appeal to the effect that when the police officer told Daniels that the officer would have to submit the whole case to the District Attorney before he could make the decision as to whether Daniels' family would be released, this was an implied promise to release Daniels' family if he would confess.

■ We hold that this case falls within the rule laid down by us in Schiers v. People, 9 Cir., 1964, 333 F.2d 173, 175. It is true that a confession induced by psychological pressure is considered involuntary, and that a confession induced by holding members of the defendant's family and promising to release them when the suspect confesses may also be considered involuntary. Thus the claim made before the California court and the claim now made can both be said to be that the confession was involuntary. However, the substance of the claim now made is quite different from the substance of the claim made before the California court. As we stated in Schiers: "[i]t is now wholly transformed by other factual assertions of the petitioner into quite a different problem." To sustain the present claim, Daniels would have to offer evidence that does not appear in the record made in the state court, that is, evidence that the police officer promised to release his family if he confessed. Under these circumstances, we agree with the trial court that the question now presented as to the voluntariness of Daniels' confession should be first presented to the California courts.

2. *Failure to provide an adequate record on appeal.*

■ This question was presented to the California Superior Court, the California Court of Appeal, and the California Supreme Court while Daniels' appeal was pending in the California Court of Appeal. It was also presented to the United States District Court and to this court while that appeal was pending. See Daniels v. Nelson, 9 Cir., 1969, 415 F.2d 323. However, the record indicates that his contention was rejected by the California courts on procedural rather than substantive grounds, and that it is still open to him to raise the question in the California courts.

Under the foregoing circumstances, and especially because a number of Daniels' claims, some of which are closely related to his involuntary confession claim, have admittedly never been presented to the California courts, we agree with the district judge that Daniels has failed to exhaust his state remedies.

Affirmed.