## CIRCUIT COURT OF THE CITY OF NORFOLK

Commonwealth of Virginia

v.

Cecil Lawrence Phelps

January 18, 1978

Case No. 499-73

By JUDGE JOHN W. WINSTON

Relying upon *Mullaney* v. *Wilbur*, 421 U.S. 684, 95 S. Ct. 1881 (1975), and *Hankerson* v. *North Carolina*, 432 U.S. 233, 97 S. Ct. 2339 (1977), the petitioner Phelps will seek the issuance by this Court of a writ of error coram vobis. Before preparing that writ he asks now to be furnished with certain records of his trial proceedings.

On April 1, 1974, in accordance with Phelps's petition for them this Court ordered certain of the trial records to be furnished him. They were mailed out by the clerk on April 2, 1974. Then on May 12, 1974, Phelps wrote a letter to this Court's clerk, acknowledging receipt of the records mailed and specifically requesting a copy of the transcript. On May 22, 1974, the clerk replied to him by letter declining to furnish the requested free transcript.

All of this followed closely the denial of Phelps's petition for a writ of error and supersedeas directed to the Supreme Court of Virginia, such denial being by order dated February 27, 1974.

The principal function of a writ of error coram vobis is to afford to the court in which an action was tried an opportunity to correct its own record with reference to a vital *fact* not known when the judgment was rendered and which could not have been presented by a motion for a new trial, appeal or other existing statutory

proceeding. *Dobie* v. *Commonwealth*, 198 Va. 762 (1957); *Blowe* v. *Peyton*, 208 Va. 68 (1967).

In Virginia by statute a proceeding by motion to correct any *clerical error* or *error in fact* for which a judgment may be reversed or corrected may be substituted for the common law writ of error coram vobis. Virginia Code § 8.01-677.

Such writ and proceeding do not supplant the writ of habeas corpus (which is a writ of inquiry to determine whether a person is detained without lawful authority, Virginia Code § 8.01-654). *Dobie* v. *Commonwealth*, *supra*; *Blowe* v. *Peyton*, *supra*. Nor may they be substituted for a petition for a writ of habeas corpus.

No error in fact and no clerical error is suggested by Phelps in his "Notice of Appeal." Rather it seems very clear that he proposes to assert some error of law as the basis for any review of his trial. Under these circumstances, a writ of error coram vobis is not appropriate.

Since he has selected the wrong vehicle by which to assert his claim, Phelps's request to be furnished free of charge various trial records will not be granted.

The Court having maturely considered the request of petitioner Phelps for a free copy of additional trial records, and having determine for the reasons stated above that the request should not now be granted, it is now Adjudged, Ordered and Decreed that such request be and hereby is denied.

Such denial does not in any way preclude Phelps from renewing his request should he elect to file a petition for a writ of habeas corpus. Any such request as renewed, however, should specifically state the reasons why access to these records is needed.