**Harold Dean RIVERS, Petitioner,**

v.

**T. C. MARTIN et al., Respondents.**

**Civ. A. No. 79–0259–B.**

United States District Court,
W. D. Virginia.

Feb. 8, 1980.

Jerry E. Dishner, Gate City, Va., for petitioner.

Robert Brandeham, II, Richmond, Va., for respondents.

## MEMORANDUM OPINION

GLEN M. WILLIAMS, District Judge.

Petitioner Harold Dean Rivers has instituted this suit pursuant to the habeas corpus statute, 28 U.S.C. § 2254, attacking the validity of his confinement. Although presently incarcerated at the Federal Correctional Institute at Ashland, Kentucky, the subject of this action concerns a conviction for attempted murder entered in the Circuit Court of Lee County, Virginia.[1] Respon-

---

1. In the state conviction, petitioner was sentenced to ten years in the penitentiary. However, this sentence was ordered to run concurrently with a fifteen year federal sentence previously imposed.

dents have answered with a motion to dismiss.

In petitioner's state trial, and subsequent appeal to the Supreme Court of Virginia, it was argued that he was "framed," or rather, the government deliberately used falsified evidence to convict him. Specifically, petitioner contended that one of the state's witnesses, Officer James T. Bledsoe, had stated prior to trial that petitioner's arrest was a "frame." At trial and the hearing to set aside the jury verdict,[2] Officer Bledsoe denied the contention.[3] However, subsequent to the denial of the writ of error to the Supreme Court of Virginia,[4] Officer Bledsoe testified by deposition that he had lied previously and that petitioner had indeed been "framed."[5] Officer Bledsoe stated that he had previously lied because he feared for his life and that he knew the truth would not help petitioner in view of the false testimony that would be given by the other police officers.

 It should be stated at the outset that petitioner has alleged a valid claim for habeas corpus relief. While the credibility of witnesses is within the sole province of a jury and not susceptible to review, see *Pigford v. United States*, 518 F.2d 831 (4th Cir. 1975), the Fourteenth Amendment due process clause prohibits deliberate use of perjured testimony or falsified evidence by the prosecution. See *Giglio v. United States*, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1971); *Miller v. Pate*, 386 U.S. 1, 87 S.Ct. 785, 17 L.Ed.2d 690 (1967); *Mooney v. Holohan*, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791 (1935). Furthermore, police knowledge of the perjured testimony or fal-

sified information is imputed to the prosecution.

Nor is the effect of the nondisclosure neutralized because the prosecuting attorney was not shown to have had knowledge of the exculpatory evidence. Failure of the police to reveal such material evidence in their possession is equally harmful to a defendant whether the information is purposely, or negligently, withheld. And it makes no difference if the withholding is by officials other than the prosecutor. The police are also part of the prosecution, and the taint on the trial is no less if they, rather than the State's Attorney, were guilty of the nondisclosure. If the police allow the State's Attorney to produce evidence pointing to guilt without informing him of other evidence in their possession which contradicts this inference, state officers are practicing deception not only on the State's Attorney but on the court and the defendant.

*Barbee v. Warden*, 331 F.2d 842, 846 (4th Cir. 1964) (footnote omitted). See also *United States v. Sutton*, 542 F.2d 1239, 1241 (4th Cir. 1976); *Boone v. Paderick*, 541 F.2d 447, 450–51 (4th Cir. 1976).

Petitioner's contention is that the police officers conspired to convict him through the use of perjured testimony and false evidence. Since this knowledge is imputed to the prosecutor, petitioner has made a valid claim for relief.

Whether this court should grant an evidentiary hearing to consider petitioner's claim revolves around the issue of exhaustion pursuant to 28 U.S.C. § 2254(b).[6] The

---

**2.** Petitioner was convicted on June 29, 1977, and the motion to set aside the jury verdict was heard on April 3, 1978. The sentencing hearing was on May 23, 1978.

**3.** At trial and at the hearing to set aside the jury verdict, petitioner produced two witnesses who testified that Officer Bledsoe told them that petitioner was "framed."

**4.** The Supreme Court of Virginia affirmed petitioner's conviction on January 9, 1979. *Rivers v. Commonwealth*, No. 781199 (Jan. 9, 1979).

**5.** The deposition of Officer Bledsoe was taken on November 27, 1979.

**6.** Title 28 U.S.C. § 2254(b) states:

An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

factors involved in resolving this issue are: (1) the availability of a state corrective process to protect petitioner's rights, and (2) whether the same claim presented to the Supreme Court of Virginia is presented to this court. If the state has an adequate corrective process and if the claim presented to this court differs from that heard on appeal to the Supreme Court of Virginia, then petitioner's claim shall be dismissed and he may seek relief in the state system. *See Slayton v. Smith*, 404 U.S. 53, 92 S.Ct. 174, 30 L.Ed.2d 209 (1971).

Petitioner first argues that Virginia's habeas procedure is ineffective to protect his rights because it is only available when a favorable determination will result in the immediate release of the prisoner. Since petitioner is in federal custody, it is contended, the state courts will refuse to hear a habeas petition. Petitioner cites two early Virginia cases to support his position. *See McDorman v. Smyth*, 187 Va. 522, 47 S.E.2d 441 (1948); *Bowling v. Commonwealth*, 123 Va. 340, 96 S.E. 739 (1918). The last decision in Virginia upholding this principle was the 1967 case of *Blowe v. Peyton*, 208 Va. 68, 155 S.E.2d 351 (1967).

However, subsequent to the cases cited above, the Virginia habeas corpus statute was amended in 1968 to allow petitioner to "allege detention without lawful authority through challenge to a conviction, although the sentence imposed for such conviction is suspended or is to be served subsequently to the sentence currently being served by petitioner." Va.Code Ann. § 8.01–654(B)(3) (Cum.Supp.1979). Therefore, it is obvious that the "immediate release" rule of the earlier Virginia decisions is no longer valid. *See Moore v. Peyton*, 211 Va. 119, 176 S.E.2d 427 (1970) (overruled the immediate release rule in *dicta* while holding that the statute does not permit Virginia courts to determine the validity of a sentence fully served before a habeas corpus action is instituted); 9A M.J., Habeas Corpus, § 4.

The problem now concerns the definition of "subsequently" in the above quoted stat-ute. As stated in note 1 *supra*, petitioner is presently serving his state and federal sentences concurrently. So, it is a matter of speculation in petitioner's possibilities of parole as to whether he will be forced to serve his state sentence subsequently to his federal sentence. Neither the statute, nor the Supreme Court of Virginia, gives any guidance as to whether the possibility of serving the subsequent sentence satisfies the jurisdictional requisite of Va.Code Ann. § 8.01–654(B)(3) (Cum.Supp.1979).

■ This court will not attempt to interpret the vague Virginia statute. Given the inability to conclude that there is an absence of an available state corrective process, principles of comity dictated by the exhaustion doctrine will force this court to defer to the state to interpret their own statute. In other words, absent extraordinary circumstances,[7] this court will resolve doubts concerning the availability of state corrective processes against exhaustion. *See Durkin v. Davis*, 538 F.2d 1037, 1041 (4th Cir. 1976) (held that doubts as to whether the same claim has been presented in the state courts should be resolved against exhaustion).

The next issue in this case deals with the rule that to satisfy the exhaustion requirement, the claim raised in federal proceedings must be the same claim that has been fairly presented to the state courts. *See Pitchess v. Davis*, 421 U.S. 482, 95 S.Ct. 1748, 44 L.Ed.2d 317 (1975); *Picard v. Connor*, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971).

It has been settled since *Ex parte Royall,* 117 U.S. 241, 6 S.Ct. 734, 29 L.Ed. 868 (1886), that a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus. . . . The exhaustion-of-state-remedies doctrine, now codified in the federal habeas statute, 28 U.S.C. §§ 2254(b) and (c), reflects a policy of federal-state comity . . ., "an accommodation of our

---

7. This court finds no extraordinary circumstances in the case at bar. In fact, it is extremely probable that petitioner can exhaust his state remedies and file another habeas peti-tion in this court before he is released from incarceration on his federal conviction. Hence, requiring petitioner to exhaust will not result in any added period of imprisonment.

federal system designed to give the State the initial 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." . . . We have consistently adhered to this federal policy, for "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation." . . . It follows, of course, that once the federal claim has been fairly presented to the state courts, the exhaustion requirement is satisfied. . .

We emphasize that the federal claim must be fairly presented to the state courts. . . . [I]t is not sufficient merely that the federal habeas applicant has been through the state courts. The rule would serve no purpose if it could be satisfied by raising one claim in the state courts and another in the federal courts. Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding does it make sense to speak of the exhaustion of state remedies. Accordingly, we have required a state prisoner to present the state courts with the same claim he urges upon the federal courts. *Picard*, 404 U.S. 270, 275–76, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971) (footnotes and citations omitted).

■ It is without doubt that petitioner cannot use the same set of facts to present one legal argument in state court and then another legal argument in federal court. *See Picard, supra.* However, in the case at bar petitioner offers the same legal argument, *e. g.*, he was framed by the police, but sets forth additional material evidence in federal court that was not available to him in state court, *e. g.*, Officer Bledsoe's deposition.

In *Smith v. Yeager*, 393 U.S. 122, 89 S.Ct. 277, 21 L.Ed.2d 246 (1968), the petitioner had exhausted his state remedies on the issue of a coerced confession. Subsequently, he presented the same issue to a federal court on a habeas petition. However, in the federal action he offered new evidence, not brought out in state court, which presented a stronger case that the confession was coerced. The Court held that "[i]f, for any reason not attributable to the inexcusable neglect of petitioner . . . evidence crucial to the adequate consideration of the constitutional claim was not developed at the state hearing, a federal hearing is compelled." *Smith*, 393 U.S. at 126, 89 S.Ct. at 279, *citing, Townsend v. Sain*, 372 U.S. 293, 317, 83 S.Ct. 745, 759, 9 L.Ed.2d 770 (1963).

At first blush it could be said that the *Smith* rationale applies to the case at bar, *e. g.*, Officer Bledsoe's recantation of testimony only presents a stronger case of the claim presented to the state courts. However, it is the opinion of this court that the broad nature of the *Smith* rationale has been curtailed in certain situations.

The Ninth Circuit has pointed out that a claim presented in state court may be wholly transformed in a federal habeas petition by additional factual assertions. The effect could be a wholly different claim. For example, in *Daniels v. Nelson*, 453 F.2d 340 (9th Cir. 1972), petitioner argued on a state appeal "that his confession was involuntary because he had been told that his family was incarcerated . . . and *he thought* that the only way to get them released was to sign a confession." *Id.* at 341 (emphasis added). But, in the federal habeas action petitioner alleged "that the *police officer promised him* that if he would give a confession his family would be released, and that after he gave the confession his family was released." *Id.* at 342 (emphasis added). A Ninth Circuit panel held that although the same claim was presented, *e. g.*, an involuntary confession, "the substance of the claim now made is quite different from the substance of the claim made before the [state] court." *Id.* Therefore, it was held that the claim was not exhausted in state courts. *See also Schiers v. People*, 333 F.2d 173 (9th Cir. 1964). This rationale comports fully with the *Picard* mandate "that the federal claim must [have been] fairly presented to the state courts." 404 U.S. at 275, 92 S.Ct. at 512.

■ The *Daniels* problem arises in the case at bar. In the state proceedings, petitioner's claim revolved around a credibility

issue between his and the prosecutor's witnesses. However, in this federal action a key prosecution witness has recanted his testimony and offered new evidence on a police conspiracy to convict petitioner with perjured testimony and false evidence. This erosion of the prosecution's case by its own witness is quite different from a credibility judgment between prosecution and defense witnesses. The substance of the claim is wholly transformed by the only now apparent contradiction in the prosecutor's case. It cannot be said that the substance of this claim has been "fairly presented to the state courts," *Picard*, 404 U.S. at 275, 92 S.Ct. at 512, so it is held that petitioner has not satisfied the exhaustion doctrine.[8]

In accordance with the rationale stated above, it is ORDERED that respondents' motion to dismiss is granted because of petitioner's failure to exhaust his state remedies.

---

8. In further support of this ruling, it is noted again that doubts as to whether the same claim has been presented in the state courts should be resolved against exhaustion. *See Durkin, supra.*