ALEXANDER GRAVES, a/k/a "CLEVE,"

a/k/a ALEXANDER CLEVELAND

v.

COMMONWEALTH OF VIRGINIA

No. 0713-89-1

Decided March 12, 1991

COUNSEL

C. A. Turner III (Turner & Turner, on briefs), for appellant.

Eugene Murphy, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**WILLIS, J.**—In this appeal we hold that the failure of the trial court to appoint counsel for the appellant, Alexander Graves, until twenty-five days after his arrest, in violation of the requirements of Code § 19.2-158, was not a denial of his constitutional right to counsel warranting a reversal of his conviction for distribution of cocaine.

On March 14, 1988 a special grand jury for Northampton County returned an indictment charging the appellant with distribution of cocaine on February 19, 1988. The appellant was arrested and incarcerated on August 28, 1988. On September 22, 1988 the Circuit Court of Northampton County appointed counsel for the appellant, and on September 29, he was admitted to bail. Between August 28, 1988 and September 22, 1988, the Circuit Court of Northampton County sat on at least nine occasions and the Northampton County General District Court sat on at least seven.

On January 13, 1989, the appellant filed a motion to dismiss, contending that he had been denied his sixth amendment right to counsel. On January 20, 1989 he filed a notice of alibi, asserting that at the time of the alleged offense he was not in Northampton County, Virginia, but in Salisbury, Maryland. On February 23, 1989, the motion to dismiss was denied, and the case proceeded to trial before a jury. The appellant was found guilty as charged and was sentenced to serve twenty years in the state penitentiary, with ten years suspended, and to pay a fine of $5,000.

██ The sixth and fourteenth amendments to the United States Constitution provide that one charged in a state court with a criminal offense has a right to counsel. This requirement is included in the due process provisions of article I, Section 8, of the Constitution of Virginia. *Sargent v. Commonwealth*, 5 Va. App. 143, 146, 360 S.E.2d 895, 897 (1987). In obedience to those requirements, Virginia has enacted Code § 19.2-158 which provides:

> Every person charged with an offense described in § 19.2-157, who is not free on bail or otherwise, shall be brought before the judge of a court not of record on the first day on which such court sits after the person is charged, at which time the judge shall inform the accused of the amount of his bail and his right to counsel.

> No hearing on the charges against the accused shall be had until the foregoing conditions have been complied with, and the accused shall be allowed a reasonable opportunity to employ counsel of his own choice, or, if appropriate, the statement of indigence provided for in § 19.2-159 may be executed.

The requirements of Code § 19.2-158 were violated. We first consider whether that violation amounted to a deprivation of constitutional right.

██ "[I]t is the duty of the court . . . to assign counsel . . . as a necessary requisite of due process of law; and that duty is not discharged by an assignment at such a time or under such circumstances as to preclude the giving of effective aid in the preparation and trial of the case." *Powell v. Alabama*, 287 U.S. 45, 71 (1932). "[T]he denial of opportunity for appointed counsel to confer, to consult with the accused and to prepare his defense, could

convert the appointment of counsel into a sham and nothing more than a formal compliance with the Constitution's requirement that an accused be given the assistance of counsel." *Avery v. Alabama*, 308 U.S. 444, 446 (1940).

> Courts are required to allow counsel sufficient time to inform themselves fully, to reflect maturely and to prepare thoroughly in the cases to which they are assigned . . . [T]he practice of appointing counsel in a felony case so close to trial that the lawyer is not "afforded a reasonable opportunity to investigate and prepare a case" is inherently prejudicial and . . . constitutes a *prima facie* case of denial of effective assistance of counsel, *so that the burden of proving lack of prejudice is shifted to the state.* . . . [W]e have on occasion found that effective representation was not denied where the record contained adequate *affirmative* evidence to overcome the presumption of harm from the lack of time for preparation.

*Fields v. Peyton*, 375 F.2d 624, 628 (4th Cir. 1967) (citations omitted).

In *Blowe v. Peyton*, 208 Va. 68, 155 S.E.2d 351 (1967), the Supreme Court said:

> [W]here counsel is appointed in a felony case so close to trial that he is not afforded a reasonable opportunity to investigate and prepare a case prejudice results, and the burden of proving lack of prejudice is shifted to the State.
>
> * * *
>
> We have condemned the appointment of counsel too shortly before trial. However, we hold that effective assistance of counsel is not denied, notwithstanding the late time of appointment, or lack of preparation of counsel, where the record shows affirmatively that the prisoner was not prejudiced.

*Id.* at 75, 155 S.E.2d at 356-57 (citation omitted).

■ The constitutional right to counsel is satisfied if counsel is appointed in sufficient time to allow counsel to become familiar with the case, to confer with his client and to prepare for and participate in the trial. Even if a significant and unjustified delay

in appointing counsel occurs, that delay does not rise to constitutional dimension if the record affirmatively shows that no prejudice resulted. Such was unquestionably the case here. Appellant and his attorney were given five months to prepare for trial. On the face of it, this was more than adequate time. There is no suggestion otherwise in the record.

Appellant contends that he wanted at his trial a witness named Elizabeth Christopher, whose birthday party he had attended in Salisbury, Maryland on February 19, 1988. He contends that she would have supported his alibi. He testified that he tried to find her prior to trial, but that she had moved and left no forwarding address. He argues that the delay in appointing his attorney may have caused his inability to locate this witness. The record does not support this contention. The record shows affirmatively that the appellant had known the witness Christopher only slightly, that he had been out of touch with her for several months prior to his arrest, that he made no timely effort to locate her, that he did not invoke official processes or assistance to secure her appearance at trial, that he could not vouch her testimony or its benefit to him, that the witness' location was unknown before and after the twenty-five day period during which counsel was not appointed, and that there was no reason to believe that counsel would have attempted to locate the witness during that time or would have been successful had he attempted to do so.

We hold that the failure of the trial court to appoint counsel for appellant until September 22, 1988 was not a denial of counsel which arose to constitutional dimension. While the delay was in violation of Code § 19.2-157, that statute affords its own remedy. No proceedings may be had until counsel is appointed.

For the foregoing reasons, the judgment of the trial court is affirmed.

*Affirmed.*

Baker, J., and Barrow, J., concurred.