## CIRCUIT COURT OF FAIRFAX COUNTY

Shahid M. Hameed

v.

Commonwealth of Virginia

May 7, 1992

Case Nos. (Criminal) K60834 and K60835

BY JUDGE JOHANNA L. FITZPATRICK

This matter was before the Court on April 17, 1992, for a writ of error coram nobis brought by the Petitioner, Shahid Hameed, pursuant to Va. Code Ann. § 8.01–677 (1950). The Court having carefully considered the Petition, arguments of counsel, and the evidence presented *ore tenus*, as well as the applicable authority, denied the petition for the reasons set forth below.

On July 11, 1989, the Petitioner voluntarily entered a plea of guilty to two separate charges of distribution of a controlled drug: cocaine. These charges arose from two separate hand-to-hand sales of cocaine by the Petitioner to an undercover Fairfax County police officer. This Court sentenced Petitioner to serve six years in the Penitentiary House of this Commonwealth, with three years suspended upon the condition of good behavior and three years active probation and pay a fine of $1000.00 for each conviction. The Petitioner completed his sentence associated with the above conviction and has subsequently been detained for deportation proceedings by the Immigration and Naturalization Service.

Now that deportation proceedings have been initiated, the Petitioner seeks to have his criminal conviction vacated by attacking the voluntariness of the entry of his prior guilty plea. In support thereof, the Petitioner asserts by bare affidavit that he had ineffective assistance of Counsel at time he entered his guilty plea because: (1) He was unaware of the existence of a provision in the law known as a

Judicial Recommendation Against Deportation (JRAD) under Title 8 U.S.C. § 1251(b), and that his attorney failed to file for such a JRAD in his case; and (2) the Petitioner was unaware that such a conviction would result in deportation.

The Petitioner seeks relief under Va. Code Ann. § 8.01–677 (1950) which states: "For any clerical error or error in fact for which a judgment may be reversed or corrected on writ of error coram vobis, the same may be reversed or corrected on motion, after reasonable notice, by the Court." *id.* "The principal function of the writ is to afford to the Court in which the action was tried an opportunity to correct its own record with reference to a vital fact not known when the judgment was rendered, and which could not have been presented by a motion for a new trial, appeal or other existing statutory proceeding . . . It lies for an error of fact not apparent on the record, not attributable to the applicant's negligence, and which if known by the court would have prevented rendition of the judgment." *Dobie v. Commonwealth*, 198 Va. 762, 769, 96 S.E.2d 747, 752 (1957). Section 8.01–677 may not be used to obtain an appeal or for any purpose other than to correct a "clerical error or error in fact." *Blowe v. Peyton*, 208 Va. 68, 74, 155 S.E.2d 351, 356 (1967).

The Petitioner's assertion of ineffective assistance of counsel, due to his attorney's failure to seek a JRAD is without merit because the Federal law in effect at the time of the Petitioner's conviction, specifically, 8 U.S.C. § 1251(a) stated:

> Any alien in the United States (including an alien crewman) shall, upon the order of the Attorney General, be deported who . . . . (11) is, or hereafter at any time after entry has been, a narcotic drug addict, or who at any time has been convicted of a violation of, or a conspiracy to violate, any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 802 of title 21).

8 U.S.C. 1251(a)(11) (1988).

Clearly the petitioner's conviction was within the class described under section (a)(11), and convictions under that section were *specifically ineligible for a JRAD* under §1251(b) which stated:

> if the court sentencing such alien for such crime shall make, at the time of first imposing judgment or passing sentence,

or within thirty days thereafter, a recommendation to the Attorney General that such alien not be deported . . . . *The provisions of this subsection shall not apply in the case of any alien who is charged with being deportable from the United States under subsection (a)(11) of this section.*

8 U.S.C. § 1251(b) (1988) (emphasis added).

In addition, assuming *arguendo* that a JRAD petition was an available option for this Petitioner at the time of his conviction and sentencing, the alleged failure of his criminal defense counsel to make such a petition does not amount to ineffective assistance because such a petition would have been denied. The circumstances of the Petitioner's prior criminal cases lacked any of the appropriate factors to have merited this Court's granting of such a petition. Indeed, if the Petitioner's immigration status had been brought to the Court's attention at the time of his conviction, it is highly likely that the Court *sua sponte* would have notified the Immigration and Naturalization Service of the Petitioner's status as a convicted drug offender.

Petitioner asserts that he had ineffective assistance of counsel on the additional ground that his prior counsel did not inform him of the immigration consequences of entry of a guilty plea. In *Bowles v. Nance*, 236 Va. 310, 347 S.E.2d 19 (1988), the Supreme Court of Virginia in affirming the denial of a habeas corpus petition, where the petitioner had alleged ineffective assistance of counsel upon the entry of a guilty plea, stated that in order to prevail the petitioner must show: (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *id.* at 313. An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. Respecting the first prong, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of professional judgment." A reviewing court should make every effort to eliminate hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. A court must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. *Bowles* at 313, (citing with approval *Strickland v. Washington*, 466 U.S. 668 (1984)).

In the case at bar, the Petitioner asserts that but for the ineffective assistance of his criminal defense counsel, he would not have entered a guilty plea and instead would have demanded a trial by jury. The petitioner has made no assertion of innocence to either of the convictions which he presently seeks to have set aside. Indeed, such an assertion would be questionable at best because the criminal cases were "factually locked" in that the indictments were based on two hand to hand sales of cocaine to a police officer. If the petitioner had asserted his right to trial by jury he faced a possible eighty years incarceration if convicted, and his defense counsel was aware of his prior felony convictions. Under the particular facts surrounding the petitioner's indictment it appears to the Court, applying an objective standard of reasonableness, that the Petitioner's underlying criminal defense counsel did not render unreasonable advice by recommending that the petitioner enter a plea of guilty.

In addition, at the *ore tenus* hearing on this matter, the Petitioner presented two witnesses to support his petition for a writ of error coram nobis. The petitioner's underlying criminal defense counsel, Ronald Smith, Esq., testified that he had in fact informed Mr. Hameed regarding the immigration consequences of his guilty plea and subsequent criminal drug convictions. The facts surrounding the loss of Mr. Smith's file were curious, but his testimony was not contradicted by the subsequent testimony of the petitioner's wife. Mrs. Elise Hameed testified that she was not personally aware of Mr. Smith ever informing the petitioner or herself of the possibility of deportation; however, she was not aware of all the conversations held between defense counsel and the Petitioner. The Petitioner cannot rise above the evidence he presented, and as such, the Petitioner has failed to meet his burden of proof in establishing that he had ineffective assistance of counsel, such as to render his guilty plea involuntary.

The Court cannot allow the Petitioner to gamble with the voluntary entry of a guilty plea, and then when unfavorable collateral consequences result ask the Court to relieve him from those consequences which were based on a tactical judgment at the time. For the reasons set forth above, the Court denies the writ of error coram nobis.