# CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

Dilbir Singh

April 17, 2000

Case No. (Criminal) M15648

BY JUDGE LESLIE M. ALDEN

This matter came before the Court upon the Petition for Writ of Coram Nobis filed by Defendant, Dilbir Singh. At the hearing on January 13, 2000, the Court took under advisement the issue of whether Defendant provided evidence sufficient to support his Petition for Writ of Coram Nobis.

For the reasons set forth herein, the Court finds that even if a Writ of Coram Nobis is a proper vehicle to review Defendant's claim of failure to understand the guilty plea which he signed, Defendant has not provided sufficient evidence to support his petition.

*Factual Background*

On May 25, 1999, Defendant pleaded guilty to petit larceny in the Fairfax County General District Court. He signed a plea agreement including, *inter alia*, a twelve-month jail sentence with eleven months suspended, and a $2,000 fine with $1,000 of it suspended.

In his Petition for Writ of Coram Nobis of October 21, 1999, filed in the General District Court, Defendant alleged that he agreed to a thirty-day jail sentence and a $1,000 fine even though he said he did not commit the crime with which he was charged. Defendant, who was in the process of applying for United States citizenship, said the attorney representing him knew that if

Defendant received a sentence of more than six months, he would be deported. His petition was denied.

On December 2, 1999, the Court continued Defendant's Appeal for Writ of Habeas Corpus Coram Nobis to January 13, 2000, so that Defendant could obtain relevant documents from his employer.

On January 12, 2000, Defendant filed a Brief in Support of Petition for Writ of Coram Nobis. Defendant alleged that he pleaded guilty because his attorney told him, and he believed, that he would receive a thirty-day sentence. He alleged that he mistakenly agreed to enter a guilty plea. Defendant contended that he would not have agreed knowingly to a twelve-month jail sentence with eleven months suspended because of his desire to become a United States citizen.

## Analysis

A Writ of Coram Nobis may be used to correct errors of fact that impact the "'validity and regularity' of judgment" in civil and criminal cases. *United States v. Morgan*, 346 U.S. 502, 74 S. Ct. 247, 250, 98 L. Ed. 248 (1954) (respondent was entitled to use the Writ to show that his conviction was invalid due to a violation of his right to counsel). A trial court may correct its judgment through a Writ of Coram Nobis when the judgment is founded on an error of fact that was not evident on the record. *Taylor v. State of Alabama*, 335 U.S. 252, 68 S. Ct. 1415, 1418, 92 L. Ed. 1935 (1948) (petitioner failed to present credible evidence that the confessions upon which the guilty verdict was based were coerced). The Virginia Supreme Court explains that the Writ is used to further the interests of justice in cases where there is no other remedy. *Dobie v. Commonwealth*, 198 Va. 762, 770, 96 S.E.2d 747 (1957) (affirming an order refusing to set aside an order finding defendant guilty of rape because the evidence shows that defendant freely chose to plead guilty after his counsel fully disclosed the nature and possible result of such plea). Virginia Code § 8.01-677 incorporates the common law use of the Writ.

The error of fact claimed in a Writ of Coram Nobis must not be caused by the petitioner's negligence. *Id.* at 769. It cannot be used for "newly-discovered evidence or newly-arising facts, or facts adjudicated on the trial." *Id.* It is not to be used as a substitute for a writ of habeas corpus. *Blowe v. Peyton*, 208 Va. 68, 74, 155 S.E.2d 351 (1967). It may be brought at any time. *Morgan*, 74 S. Ct. at 250.

The United States Supreme Court has offered, in a non-exhaustive list, that a Writ of Coram Nobis may be available in cases involving the "insanity of a defendant, a conviction on a guilty plea through the coercion of fear of

mob violence," or "failure to advise of right to counsel." *Morgan*, 74 S. Ct. at 251. The Court also stated that, in certain situations, the Writ may challenge a prior conviction which is used at sentencing. *Custis v. United States*, 511 U.S. 485, n. 7, 128 L. Ed. 2d 517, 114 S. Ct. 1732 (1994), citing *Morgan*.

A proceeding challenged by the Writ is presumed to be correct and the burden of showing otherwise rests on petitioner. *Morgan*, 74 S. Ct. at 252. The petition and any supporting affidavits must be tested within the context of the record of the case "for their reasonableness, the probability of their truth, the effectiveness of the attack they make on the original judgment and their relationship to the general enforcement of law with justice to all." *Taylor* at 1421.

Here, Defendant signed a two-page document setting out his understandings of the plea agreement and the law and describing the sentence with which he now contends he did not agree. He has offered no credible evidence in support of his position that the document does not reflect his agreement or that he did not understand the proceeding. In fact, the plea agreement he signed expressly states the contrary. Accordingly, his petition ineffectively challenges the original judgment. Absent a legal basis for the grant of such a Writ, the Court has no inherent authority or equitable power to alter a judgment that was not incorrectly entered or in error in the first instance. Defendant has not met his burden of providing sufficient evidence to support his petition.

For the reasons stated herein, the Court denies Defendant's Petition for Writ of Coram Nobis.