## CIRCUIT COURT OF FAIRFAX COUNTY

Charles Smith

v.

Commonwealth of Virginia

May 9, 2003

Case No. K81887

BY JUDGE DENNIS J. SMITH

This cause came before the Court upon Mr. Smith's Petition for a writ of coram vobis.

The writ of error coram vobis is an ancient common law writ used by courts "to correct its own record with reference to a vital fact not known when the judgment was rendered, and which could not have been presented by a motion for a new trial, appeal, or other existing statutory proceeding. ... It lies for errors of fact not apparent on the record, not attributable to the applicant's negligence, and which if known by the court would have prevented rendition of the judgment, [and] does not lie for newly-discovered evidence or any newly arising facts." *Dobie v. Commonwealth*, 198 Va. 762, 768, 96 S.E.2d 747 (1957); *see also* Va. Code Ann. § 8.01-677 (Michie 2003). Further, a writ of coram vobis is used to "further the interests of justice in cases where there is no other remedy." *Commonwealth v. Singh*, 53 Va. Cir. 88, 89 (Fairfax, 2000) (citing *Dobie v. Commonwealth*, 198 Va. at 770). Finally, a writ of coram vobis does not supplant the writ of habeas corpus. *Blowe v. Peyton*, 208 Va. 68, 74, 155 S.E.2d 351 (1967).

In this case, Petitioner alleges that error occurred during his criminal trial because he received ineffective assistance of counsel, thereby violating his Sixth Amendment right to counsel. Attorney Bernard Grimm represented Petitioner for the duration of his criminal trial. Petitioner alleges that Mr.

Grimm inaccurately advised Petitioner about the length of the sentence Petitioner could receive upon conviction. Specifically, Petitioner argues that Mr. Grimm informed Petitioner that his twenty-two year sentence would run concurrently with the seven year sentence already imposed for a prior conviction and that Defendant would be eligible for parole after serving three and one-half to five years. According to Petitioner, Mr. Grimm's representations induced Petitioner to enter a guilty plea.

A writ of coram vobis may not be used where the error could be corrected by other statutory proceeding. *See Dobie*, 198 Va. at 768. Claims of ineffective assistance of counsel should be asserted in a habeas corpus proceeding. *See* Va. Code Ann. § 8.01-654 (Michie 2003); *see also Johnson v. Commonwealth*, 259 Va. 654, 529 S.E.2d 769 (2000). Petitioner, in fact, did file a petition for writ of habeas corpus based upon ineffective assistance of counsel and, according to Petitioner, the Virginia Supreme Court denied the habeas petition as time barred. (Pet. at 2.) As previously articulated, a writ of coram vobis may not be used where the error at issue could be raised through another statutory proceeding. Therefore the Petitioner's petition for a writ of coram vobis is denied.