# CIRCUIT COURT OF ARLINGTON COUNTY

Commonwealth of Virginia

    v.

Wael Mohamed

August 18, 2006

Case No. (Criminal) 06-1059

BY JUDGE WILLIAM T. NEWMAN, JR.

This matter came before the Court on August 4, 2006, on Defendant Wael Mohamed's Motion for Modification of Sentence. Mohamed petitioned this Court for a writ of *coram vobis*, asking that his sentence be reduced from two years to 360 days, thereby entitling him to discretionary relief in the immigration courts. (Mohamed originally asked for alternative avenues of relief, in the form of the writ of *audita querela* or a writ of *habeas corpus*. However, during oral argument, counsel agreed that both of those forms of relief are not available in this case, and proceeded only on the writ of *coram nobis*.) Having taken the matter under advisement and reviewed the memoranda and arguments of the parties, the Court grants the Defendant's request for a modification of his sentence. The Defendant's original sentence is reduced from a period of two years incarceration to a period of three hundred and sixty days incarceration, with all time suspended for two years.

## I. *Procedural History*

On May 10, 2000, Wael Mohamed was arrested, along with a companion, for shoplifting nearly $2,000 worth of merchandise from Nordstrom's in Arlington. Mohamed was charged with grand larceny, and on November 20, 2000, the Court accepted his plea of guilty to the charges. On

February 2, 2001, the Court sentenced Mohamed to incarceration for a term of two years, with all time suspended for a period of two years, and he was placed on supervised probation for a period of two years. Other than a number of traffic convictions, this was Mohamed's first criminal conviction.

Mohamed successfully completed probation in 2003. After serving his sentence, Mohamed traveled outside of the United States. Upon his return on July 8, 2005, Mohamed was informed by immigration officials that his grand larceny conviction qualified him as an "aggravated felon," as his total sentence was more than one year, despite the fact that his entire sentence had been suspended. On August 10, 2005, Mohamed was informed that he was subject to removal from the United States pursuant to Section 212(a)(2)(A)(i)(I) of the Immigration and Nationality Act.

Mohamed had lived in the United States as a lawful permanent resident since 1990, and is a native of Egypt. Prior to entering into the plea agreement on the grand larceny charges, Mohamed had asked his attorney, Ralph Russo, about any effect a conviction would have on his immigration status. His attorney advised him that relief would be available in his case, as he had been present in the United States for more than ten years and because grand larceny did not qualify as an aggravated felony. Unfortunately, this information was incorrect, as any felony carrying a sentence of at least one year qualifies as an "aggravated felony," leaving Mohamed subject to deportation without the availability of discretionary relief such as cancellation of removal.

In his Motion for Modification of Sentence, Mohamed argued that his trial counsel's affirmative misstatements regarding the immigration consequences of his sentence amounted to ineffective assistance of counsel, thereby presenting adequate grounds for relief pursuant to *coram vobis*. The Commonwealth argued that a claim asserting ineffective assistance of counsel must be made as part of a *habeas corpus* proceeding, which is currently time barred. The Commonwealth also asserted that *coram vobis* is not available where an error can be corrected by another statutory mechanism, such as *habeas corpus*, and that the Court is without jurisdiction to grant a writ of *coram vobis* in this case.

## II. *Ineffective Assistance of Counsel*

Mohamed states that he asked his trial attorney about any implications that a guilty plea would have on his immigration status and was told that avenues of relief would be available. Mohamed's trial attorney has agreed with these statements, admitting that he incorrectly advised his client of the immigration consequences that could befall him after sentencing. Mohamed

argues that his attorney's affirmative misstatements rise to the level of ineffective assistance of counsel, thereby depriving him of his Sixth Amendment rights.

To establish a claim of ineffective assistance of counsel, the defendant must show that counsel's performance was deficient and that the deficiency prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668 (1984). The Virginia Court of Appeals has noted that a defendant does not need to be advised of the many collateral consequences of a guilty plea unless otherwise mandated, and that there is presently no mandate that a defendant be advised of immigration consequences that may result. *See Zigta v. Commonwealth,* 38 Va. App. 149, 155 (2002). In contrast, there is a distinction in cases of affirmative misrepresentation of immigration consequences by an attorney. *See Commonwealth v. Tahmas,* 2005 Va. Cir. LEXIS 132 (Fairfax) (defendant allowed to withdraw guilty plea due to trial attorney's incorrect advice regarding immigration consequences); *Commonwealth v. Mubarak,* 68 Va. Cir. 422 (Fairfax 2005) (failure by trial attorney to advise defendant of right to seek Judicial Recommendation Against Deportation and failure to pursue such relief violated defendant's Sixth Amendment rights).

In this case, the facts are not in dispute. Both Mohamed and his trial attorney agree that Mohamed inquired about the immigration consequences that could result from a guilty plea and that he was provided with incorrect legal advice on this issue. Mohamed relied on this advice in deciding to plead guilty to the charges and was unaware that the suspended sentence he received would subject him to removal from the United States. Moreover, these misstatements removed any opportunity for Mohamed or his counsel to ask for a sentence that was slightly below the one year threshold, so as to avoid the harsh immigration consequences that would follow. If this Court had been made aware of the fact that Mohamed's single criminal conviction could result in deportation without the possibility of discretionary relief, an alternative sentence may have been reached. However, the Court was never made aware of these facts during the trial. Based upon these findings, the Court holds that Mohamed's Sixth Amendment rights were violated.

### III. *Writ of Coram Vobis*

The writ of *coram vobis* was available at common law to correct errors of fact, without limitation of time, that would affect the "validity and regularity" of the judgment. *United States v. Morgan,* 346 U.S. 502, 507 (1954). The writ is codified as part of Va. Code § 8.01-677, which states that

"[f]or any clerical error or error in fact for which a judgment may be reversed or corrected on writ of error coram vobis, the same may be reversed or corrected on motion, after reasonable notice, by the court."[1]

The function that *coram vobis* serves is to "afford to the court in which an action was tried an opportunity to correct its own record with reference to a vital fact not known when the judgment was rendered, and which could not have been presented by a motion for a new trial, appeal, or other existing statutory procedure." *Dobie v. Commonwealth*, 198 Va. 762, 769 (1957). Specifically, it is available for errors of fact that are not apparent on the record, that are not due to a defendant's own negligence, and "which if known by the court would have prevented rendition of the judgment." *Id*. It is not available when the facts were known by the defendant or his counsel before or during the trial, but either failed to present them. *Id*.

As the Supreme Court of Virginia noted in *Dobie*, the writ of *coram vobis* is a judicial creation, "springing from the requirements of justice in cases where there was no other remedy." *Dobie*, 198 Va. at 769. However, the Court has made clear that the writ has a limited availability, as it does not supplant the writ of *habeas corpus* or other existing statutory remedies. *Blowe v. Peyton*, 208 Va. 68, 74 (1967). Because of its limited availability, cases in which *coram vobis* has been successfully invoked are seemingly few and far between. However, a number of recent cases in Virginia indicate that the writ is certainly available, albeit with limited success. *See Smith v. Commonwealth*, 62 Va. Cir. 68 (Fairfax 2003); *Commonwealth v. Rodriquez*, 63 Va. Cir. 137 (Fairfax 2003); *Hameed v. Commonwealth*, 28 Va. Cir. 129 (Fairfax 1992).

The key issue is whether the violation of Mohamed's constitutional right to effective assistance of counsel can be remedied through the writ of *coram vobis*. The Commonwealth has asserted that much like any other criminal case, the statutory remedy available in cases of Sixth Amendment violations is the writ of *habeas corpus*. It is clear that the writ of error *coram vobis* does not supplant the writ of *habeas corpus*. *Blowe*, 208 Va. at 74. Recent cases have also declined to consider the use of *coram vobis* when *habeas corpus* would have been available. *See Commonwealth v. Rodriquez*, 63 Va. Cir. 137 (Fairfax 2005); *Smith v. Commonwealth*, 62 Va. Cir. 68 (2003). In *Smith*, the court noted that the defendant had already filed a petition for *habeas corpus* based on ineffective assistance of counsel that was ruled to

---

[1] *Coram vobis* is a common law writ sometimes referred to as *coram nobis*, however, they are essentially the same legal device. *See Dobie v. Commonwealth*, 198 Va. 762, 768 (1957); *Blowe v. Peyton*, 208 Va. 68, 74 (1967).

be time barred. *Smith*, 62 Va. Cir. at 69. In *Rodriquez*, the court stated that, even though the time for a *habeas corpus* petition may have passed, that does not give the court "the authority to hear an ineffective assistance of counsel claim in the context of a petition for a writ of error *coram nobis.*" *Rodriquez*, 63 Va. Cir. at 137.

However, both of these cases present circumstances where a writ of *habeas corpus* is the clear and available remedy for the alleged constitutional violations. In *Smith*, the defendant alleged that counsel inaccurately advised him about the length of the sentence he could receive. *Smith*, 62 Va. Cir. at 69: A defendant in such a case would be aware after sentencing that the advice he received was incorrect. However, in the present case, Mohamed would have had no reason to bring a *habeas corpus* claim for ineffective assistance against his counsel following his sentencing. He had received a fully suspended sentence, had been told that relief would be available in case of any immigration problems, and he never spent a day in incarceration. His situation is one for which the remedy of *habeas corpus* would be ill-suited and unlikely to remedy any constitutional violations that may have occurred during his trial.

Federal courts have noted that *coram vobis* should only be granted "when no other remedy is available and sound reason exists for failure to seek appropriate earlier relief." *United States v. Gomori*, 196 F. Supp. 190, 191 (W.D. Pa. 1961) (citing *Morgan*, 346 U.S. at 502). In this case, while a writ of *habeas corpus* was technically available to Mohamed during his two years of supervised probation, it seems unreasonable to expect that he would have brought such a petition, considering that he had no reason to argue with the suspended sentence or what he assumed to be limited immigration consequences that he would face. Mohamed did not realize that counsel's advice was incorrect until 2005, when he was informed of his pending removal by immigration officials. He immediately sought counsel and brought forth a petition for writ of *coram vobis* to address these issues.

Having completed his sentence, *habeas corpus* is not presently available to Mohamed. As such, there is seemingly no other remedy available and there are legitimate reasons presented by Mohamed that excuse his failure to seek appropriate earlier relief in the form of *habeas corpus* or modification of his sentence pursuant to Va. Code § 19.2-303. The Court is aware of the limited of availability of the writ of *coram vobis*, as the "[c]ontinuation of litigation after final judgment and exhaustion or waiver of any statutory right of review should be allowed through this extraordinary remedy *only under circumstances compelling such action to achieve justice.*" *Morgan*, 346 U.S. at 511 (emphasis added). Relief should be available in compelling circumstances such as these, and other courts have recognized the need to

allow amendment of sentences when there are constitutional violations at trial. In *Mubarak*, the court granted a defendant's petition for a writ of *audita querela*, having found that counsel's actions were tantamount to ineffective assistance. *Mubarak*, 68 Va. Cir. at 422. In that case, the defendant had fully served his sentence, but that did not prevent the court from finding that a constitutionally defective sentence allowed the court to set aside its previous decision and impose a new sentence. *Id.*

In *Morgan*, the Supreme Court upheld the availability of *coram vobis* to a defendant who had not been provided counsel, but who had served his entire sentence. *Morgan*, 346 U.S. at 512. The Court noted that, with no other remedy being then available and sound reasons for the failure to seek earlier relief, the petitioner was entitled to seek a writ of *coram vobis*, for "[o]therwise a wrong may stand uncorrected which the available remedy would right." *Id.* In this case, the wrong suffered by Mohamed cannot stand uncorrected. A defendant's Sixth Amendment rights must be protected, and in this case, the result was that both Mohamed and the Court were unaware of the immigration consequences that would follow from his sentence.

## IV. *Conclusion*

Therefore, pursuant to a writ of *coram vobis*, the Court will amend Mohamed's sentence from a term of two years to a term of three hundred and sixty days, with all time suspended. Additionally, this Court holds that, with Mohamed's sentence having been fully completed, this case is closed.

Counsel for Wael Mohamed shall draft a final order memorializing the Court's opinion and amending the original term of incarceration, as ordered on February 20, 2001, from two years, with all time suspended, to three hundred and sixty days, with all time suspended.