# CIRCUIT COURT OF THE CITY OF NORFOLK

Commonwealth of Virginia

v.

Milton Orrett Oneil Cole

April 2, 2007

Case No. CR02002870

By Judge Jerome James

This case comes before the Court on the Petition for Writ of Error *Coram Vobis* filed by Milton Orrett Oneil Cole. The Commonwealth, by its counsel, Ms. Margaret O'Shea, objects to the granting of the Petition and has filed a brief in support of that position. In fact, due to the thorough nature of the submissions from both parties, the Court will not hold a hearing on the Petition, but will issue its ruling in the case based on the submissions of the parties.

The Petitioner was arrested in 2002 when Norfolk police officers found him in possession of a significant quantity of marijuana as well as two firearms. The Petitioner reached a plea agreement with the Commonwealth, and, on August 5, 2002, he pleaded guilty to the charge of possession of more than five pounds of marijuana with intent to distribute. At that time, Moody E. Stallings, Jr., Esq., represented the Petitioner. The Court accepted the plea agreement and sentenced the Petitioner to seven years in the Virginia State Penitentiary with five years suspended. Mr. Nunnally represents to the Court that the Petitioner was released from the penitentiary and placed on probation on March 20, 2003. Mr. Nunnally also represents that the Petitioner has paid all of his fines and court costs.

The Petitioner is married to a United States citizen, but is not a citizen himself. In October 2006, he was arrested by the United States Marshals after he appeared at a Homeland Security office for an interview. Because of his

2002 felony conviction, the Petitioner is subject to deportation and is currently in the custody of federal authorities. The Petitioner requests that the Court either set aside his conviction, permit him to withdraw his guilty plea and have a trial, or reduce his sentence to less than one year of incarceration.

The Court denies the Petition for Writ of Error *Coram Vobis*; this writ is only available under limited circumstances, and the Court finds that the Petitioner has not met his burden of showing that *coram vobis* relief would be appropriate here. Furthermore, the Court finds that the Petitioner voluntarily and knowingly entered his guilty plea.

"The writ of error *coram vobis,* or *coram nobis,* is an ancient writ of the common law." *Dobie v. Commonwealth,* 198 Va. 762, 768 (1957). As the Supreme Court of Virginia explained in *Dobie,* "the principal function of the writ is to afford to the court in which an action was tried an opportunity to correct its own record with reference to a vital fact not known when the judgment was rendered, and which could not have been presented by a motion for a new trial, appeal, or other statutory proceeding." *Id.* at 769 (citations omitted). Furthermore, the writ "lies for an error of fact not apparent on the record, not attributable to the applicant's negligence, and which if known by the court would have prevented rendition of the judgment." *Id.* The General Assembly has recognized the writ of *coram vobis* by its enactment of Code § 8.01-677, which provides that "[f]or any clerical error or error in fact for which a judgment may be reversed or corrected on writ of error coram vobis, the same may be reversed or corrected on motion, after reasonable notice, by the court."

At the heart of the Petition is the claim that the Petitioner "would never have entered a plea in this matter if he had known about the possibility of deportation and would have rather taken a trial and his chances there, rather than be summarily deported by his plea of guilty." Petition, Paragraph 9. In his brief, the Petitioner contends that "his prior attorney's advice to him that there would be no adverse immigration consequences from his guilty plea, combined with his actual lack of knowledge of any such consequences at the time he entered his plea, resulted in an error of vital fact sufficient to sustain the granting of the writ of error *coram vobis*." Brief, p. 2.

In *Commonwealth v. Mohamed,* 71 Va. Cir. 383 (2006), the Circuit Court of Arlington County granted the petitioner a writ of *coram vobis* because it found that his Sixth Amendment right to effective assistance of counsel had been violated. *Id.* at 385. In that case, however, the petitioner pleaded guilty to shoplifting in reliance on his counsel's "affirmative misstatements regarding the immigration consequences of his sentence." *Id.* at 384. The court granted the writ and reduced the petitioner's sentence so that

he could avoid deportation. In the present case, the Petitioner does not allege that his trial counsel, Mr. Stallings, erroneously informed him that a conviction would have no immigration consequences. Rather, it seems that Mr. Stallings advised the Petitioner that the only effect of his plea would be incarceration and made no representations about the effect of a conviction on his immigration status. See Brief, p. 1.

As the *Mohamed* court noted, "affirmative misrepresentation of immigration consequences by an attorney" can constitute ineffective assistance of counsel, but a failure to advise about those consequences most likely does not rise to the level of a Sixth Amendment violation. *Mohamed* at 385. The Circuit Court of Fairfax County reached a similar conclusion in an unpublished opinion in *Commonwealth v. Tahmas*, 2005 Va. Cir. LEXIS 132, and allowed a defendant to withdraw his guilty plea due to the ineffective assistance of his counsel, who provided "wrong advice as to the deportation consequences of his plea." *Id.* at *13. The defendant in *Tahmas* was proceeding on a motion to withdraw his plea, not a petition for *coram vobis* relief, because the Court had not entered a final order in the case. The reasoning about ineffective assistance of counsel, however, is substantially similar in *Mohamed* and *Tahmas*.

The *Mohamed* court found that an attorney's mere failure to advise his client of the effect of a conviction on the client's immigration status would not violate the Sixth Amendment. In reaching that conclusion, the court relied on the holding of the Court of Appeals of Virginia in *Zigta v. Commonwealth*, 38 Va. App. 149 (2002). In *Zigta*, the defendant moved the trial court for leave to withdraw his guilty plea because he had not been aware that a felony conviction could result in his deportation. The trial court refused to allow the defendant to withdraw his plea, and the Court of Appeals upheld that decision on appeal, noting that a "trial court is not required to discuss every nuance of the law regarding a defendant's plea in order to render a guilty plea voluntary and knowing." *Id.* at 154. The Court of Appeals reasoned that the "collateral consequences of pleading guilty are numerous, with some consequences being more direct than others" and held that such "collateral consequences are irrelevant to the determination of whether a guilty plea was entered voluntarily and knowingly." *Id.*, 154, 154-55. The Court determined that these consequences were *irrelevant* to the criminal proceeding at issue because the possibility of deportation "arises through the efforts of an arm of government over which the trial court has no control and which is not part of the underlying criminal proceeding." *Id.* at 155. It seems clear that the rule established by the Court of Appeals in *Zigta* precludes the Petitioner from

establishing a violation of his right to effective assistance of counsel or a violation of the duty of the trial court to ensure that his guilty plea was the result of a knowing and voluntary decision.

The writ of *coram vobis* "is a remedy intended to achieve justice when 'errors of the most fundamental character' have occurred in a criminal proceeding." *United States v. Mora-Gomez*, 875 F. Supp. 1208, 1210 (E.D. Va. 1995) (*quoting United States v. Morgan*, 346 U.S. 502, 512 (1954)). A constitutional error would certainly represent an error of "most fundamental character," but as noted above, the Petitioner has failed to show that the acceptance of his guilty plea represents a violation of his constitutional rights. Even if the Court were to find that the Petitioner had demonstrated a fundamental (but not constitutional) error, it would still not be appropriate for the Court to issue a writ of error *coram vobis*.

As the Commonwealth points out in its brief, the Supreme Court of Virginia has held that the writ of *coram vobis* "lies for an error of fact not apparent on the record, not attributable to the applicant's negligence, and which if known by the court would have prevented rendition of the judgment." *Dobie*, 198 Va. at 769. The Commonwealth contends that the Court should not grant a writ in this case because the facts of the case do not meet the requirements set forth in *Dobie*.

The Commonwealth's submission to the Court is especially persuasive on two points. First, the Commonwealth contends that there has not been any error of fact, as required by *Dobie*. Instead, the Commonwealth takes the position that the Petitioner was operating under a misapprehension of the applicable immigration law. Secondly, the Commonwealth argues that any error that may have occurred is due to the negligence of the Petitioner, which would, under *Dobie*, preclude the Court from granting the writ. At the hearing before the Court, the Court made several inquiries of the Petitioner and specifically asked the Petitioner if he had "any questions about questions that have been asked." Transcript, August 5, 2002, p. 11, lines 23-24. In addition, the Court asked the Petitioner if there were anything that he wished "to say or tell the Court" before the imposition of sentence. Transcript, p. 14, lines 5-6. The Petitioner was certainly aware that he was not a United States citizen and had the opportunity to inquire of the Court about any immigration consequences that might stem from a felony conviction. Furthermore, the Petitioner does not allege that he asked his counsel about the potential immigration consequences of a conviction. In the *Tahmas* and *Mohamed* cases, the defendants had posed this question to their attorneys but received incorrect answers. The *Zigta* case makes it clear that the Court was under no

duty to broach this subject with the Petitioner before accepting his plea. The Petitioner, however, had the opportunity to raise the issue with the Court and had numerous opportunities to raise the issue with Mr. Stallings.

Finally, the Commonwealth emphasizes that the Supreme Court of Virginia has recognized the "strong policy reasons favoring certainty of results in judicial proceedings" and "attach[es] a high degree of finality to judgments." *McEwen Lumber Co. v. Lipscomb Bros. Lumber Co.*, 234 Va. 243, 247 (1987) (citations omitted). In addition, the Circuit Court of Fairfax County has noted that "[a]bsent a legal basis for the grant of . . . a Writ [of *coram vobis*], the Court has no inherent authority or equitable power to alter a judgment that was not incorrectly entered or in error in the first instance." *Commonwealth v. Singh*, 53 Va. Cir. 88, 90 (2000). The Court acknowledges that the Petitioner finds himself in a terribly difficult and unfortunate situation, but the Court will not grant the relief that he has requested.

The Petition for Writ of Error *Coram Vobis* is denied.