## CIRCUIT COURT OF HANOVER COUNTY

Roland George Sylvain

    v.

Commonwealth of Virginia

October 2, 2012

Case No. CL12001430-00

BY JUDGE J. OVERTON HARRIS

Before the court is Respondent's special plea in bar and demurrer. The court heard argument on September 11, 2012, and took the matter under advisement. Following a thorough review of the pleadings and the law, the court finds as follows.

### I. *Background*

The Petitioner pleaded guilty to three felony counts of forging a public record on January 21, 2003. The Petitioner was sentenced to one year, six months, and six days for each count with all of the time being suspended. In 2003, the Petitioner was a permanent resident of the United States. The Petitioner's attorney did not advise him of the potential immigration consequences to his guilty pleas.

The Petitioner was returning into the United States from a Caribbean cruise in July of 2011 when he was stopped by Homeland Security. Subsequently, deportation proceedings were filed against the Petitioner

based upon his guilty pleas in 2003, having been to crimes involving moral turpitude.

Pursuant to *Padilla v. Kentucky*, the Petitioner is asserting that his Sixth Amendment right to effective assistance of counsel has been violated. The United States Supreme Court held that an attorney "must inform her client whether his plea carries a risk of deportation." *Padilla v. Kentucky*, 130 S. Ct. 1473, 1486 (2010). Failure to do so was "constitutionally deficient." *Id.* at 1487.

The Petitioner filed a "Petition for a Writ of Error *Coram Nobis*" seeking to have this court enter an order vacating the Petitioner's guilty pleas from January 21, 2003, or, in the alternative, he seeks such other relief as this court deems appropriate.

The Commonwealth's Attorney filed a special plea in bar, citing Rule 1:1 of the Supreme Court of Virginia, and a demurrer to the Petition, pursuant to § 8.01-677 of the Code of Virginia and case law relating thereto.

## II. *Rule of Law*

"[A] plea in bar is a defensive pleading that reduces the litigation to a single issue." *Kroger Co. v. Appalachian Power Co.*, 244 Va. 560, 562, 422 S.E.2d 757, 758 (1992). A demurrer may be employed to strike a pleading that does not state a cause of action or fails to state facts upon which relief may be granted. Va. Code Ann. § 8.01-273. A demurrer admits the factual pleadings to be true and accepts any reasonable factual inferences fairly and justly drawn from them. *Fox v. Custis*, 236 Va. 69, 71, 372 S.E.2d 373, 374 (1988). "A court may examine not only the substantive allegations of the pleading attached, but also any accompanying exhibit mentioned in the pleading." *CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22, 24, 431 S.E.2d 277, 278 (1993). The demurrer does not, however, admit the correctness of the pleading's conclusions of law. *Fox*, 236 Va. 69.

"Rule 1:1 provides that, [a]ll final judgments, orders, and decrees, irrespective of terms of court, shall remain under the control of the trial court and be subject to be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer." *Commonwealth v. Morris*, 281 Va. 70, 77, 705 S.E.2d 503, 505-06 (2011) (citing *McEwen Lumber Co. v. Lipscomb Brothers Lumber Co.*, 234 Va. 243, 247, 360 S.E.2d 845, 848 (1987) (citations omitted). The Supreme Court of Virginia also said "[t]here are strong policy reasons favoring certainty of results in judicial proceedings. Accordingly, we attach a high degree of finality to judgments, whether obtained by default or otherwise. Rule 1:1 implements that policy, and we apply it rigorously, unless a statute creates a clear exception to its operation." *Id.*

There are exceptions to Rule 1:1; *inter alia*, Va. Code § 8.01-677 (writ of error *coram vobis*) allows a court to entertain a petition to correct "clerical

errors and certain errors of fact." *Morris*, 281 Va. at 78, 705 S.E.2d at 506. The writ of *coram vobis* allows the trial court:

> an opportunity to correct its own record with reference to a vital fact not known when the judgment was rendered, and which could not have been presented by a motion for a new trial, appeal, or other existing statutory proceeding. It lies for an error of fact not apparent on the record, not attributable to the applicant's negligence, and which, if known by the court, would have prevented rendition of the judgment. It does not lie for newly-discovered evidence or newly-arising facts, or facts adjudicated on the trial. It is not available where advantage could have been taken of the alleged error at the trial, as where the facts complained of were known before or at the trial, or where, at the trial, the accused or his attorney knew of the existence of such facts but failed to present them.

*Id.* (citing *Dobie v. Commonwealth*, 198 Va. 762, 769, 96 S.E.2d 747, 752 (1957)). The writ of error *coram vobis* "has been substantially limited by the General Assembly through Va. Code § 8.01-677"; specifically, the Supreme Court of Virginia "recognized the restriction of a writ of error *coram vobis* [as being available] only to clerical errors and certain errors in fact. . . ." *Neighbors v. Commonwealth*, 274 Va. 503, 509, 650 S.E.2d 514, 517 (2007).

The Sixth Amendment right to counsel now requires that an attorney advise his client of potential negative consequences, specifically the risk of subsequent deportation, that may come about should a defendant plead guilty to certain charges. *Padilla v. Kentucky*, 130 S. Ct. 1473, 1486 (2010). (A case will be going before the Supreme Court of the United States soon where the Court will decide whether *Padilla* should be retroactive. *Chaidez v. United States*, 132 S. Ct. 2101 (2012) (granting writ of certiorari April 30, 2012).) However, "The Sixth Amendment guarantees reasonable competence, not perfect advocacy judged with the benefit of hindsight." *Yarborough v. Gentry*, 540 U.S. 1, 8 (2003). Furthermore, in Virginia, before the *Padilla* decision, the court of appeals had stated in deciding whether the defendant's plea met the requirements of Rule 3A:8(b):

> [a] trial court's determination is not rendered constitutionally infirm by [the defendant's] contention that he was not aware of the immigration consequences of his guilty plea. A trial court is not required to discuss every nuance of the law regarding a defendant's plea in order to render a guilty plea voluntary and knowing. The collateral consequences of pleading guilty are numerous, with some consequences being more

direct than others. Regardless, collateral consequences are irrelevant to the determination of whether a guilty plea was entered voluntarily and knowingly. A defendant need not be advised of the collateral consequences of a guilty plea unless otherwise mandated. There is no such mandate in Virginia as to immigration matters.

*Zigta v. Commonwealth*, 38 Va. App. 149, 154-55 (2002) (citations omitted).

Moreover, the Supreme Court of Virginia has said that "[I]neffective assistance of counsel does not constitute an error of fact for the purposes of *coram vobis* under Va. Code § 8.01-677." *Morris*, 281 Va. at 81, 705 S.E.2d at 508.

### III. *Analysis*

Because allowing a Petitioner to go forward on a writ of error *coram vobis* is an exception to Rule 1:1, the final judgment rule, the dispositive question in this plea in bar becomes whether the failure of the Petitioner's attorney to advise him of the potential immigration consequences to his guilty pleas equates to either a clerical error or an error in fact. If it does, the Petitioner can proceed under Va. Code § 8.01-677 based upon that exception to Rule 1:1; if it does not, then the plea in bar must be sustained, and Rule 1:1 precludes this court from reaching any further decision.

In an Arlington County Circuit Court case (prior to the *Padilla* decision), pursuant to Va. Code § 8.01-677, a petitioner was granted a sentence modification. *Commonwealth v. Mohamed*, 71 Va. Cir. 383 (2006). The defendant was a native of Egypt and was a lawful permanent resident in the United States when he was charged with grand larceny. *Id.* at 383-84. He pleaded guilty and was sentenced but had all of the time suspended. *Id.* The defendant had completed probation and was returning to the United States from traveling when he became aware that his guilty pleas resulted in him being subject to removal proceedings. *Id.* at 384. Prior to entering his pleas, the defendant had asked his attorney "about any effect a conviction would have on his immigration status." *Id.* His attorney advised him incorrectly. The defendant in *Mohamed* sought to have his sentenced reduced based upon ineffective assistance of counsel due to his attorney's advice that turned out to be incorrect. The Commonwealth argued that ineffective assistance of counsel must be asserted in a habeas corpus proceeding. The court identified "[t]he key issue [as] whether the violation of [the defendant's] constitutional right to effective assistance of counsel can be remedied through the writ of *coram vobis*." *Id.* at 386. The court reasoned that, because the defendant did not have the writ of habeas corpus available, the writ of error coram vobis should be an available remedy for the defendant. *Id.* at 387.

In *Commonwealth v. Morris*, the defendant's attorney asked him whether he was a U.S. citizen, and he replied by showing him his green card. *Morris*, 281 Va. at 74, 705 S.E.2d at 504. The defendant pleaded guilty and was convicted. The defendant later applied for U.S. citizenship and, due to his conviction, became subject to removal proceedings. Thereafter, the defendant petitioned the circuit court for a writ of error *coram vobis*, and the court granted it and reduced the defendant's sentence. The Supreme Court of Virginia reversed the circuit court's ruling and held that "a claim of ineffective assistance of counsel does not constitute an error of fact for which *coram vobis* will lie under Va. Code § 8.01-677. . . ." *Id.* 281 Va. at 80, 705 S.E.2d at 508. The Court reached its conclusion "because such a claim would not 'have prevented rendition of the judgment'." *Id.* (citing *Dobie v. Commonwealth*, 198 Va. 762, 769, 96 S.E.2d 747, 752 (1957)).

The facts of the *Mohamed* case are similar to the present case. However, it is distinguishable in that, in this case, the Petitioner's attorney gave him no advice about the immigration consequences of his guilty pleas, whereas in *Mohamed* the attorney provided incorrect information. More importantly, the *Morris* case post-dates the *Padilla* and the *Mohamed* cases, and, while the *Mohamed* court allowed that petitioner to proceed under § 8.01-677, given the recent holding in *Morris*, Virginia law clearly no longer allows such a petitioner to proceed under § 8.01-677.

The Petitioner, by counsel, also argued that, because the immigration consequences of the Petitioner's guilty pleas were neither brought up when he entered them nor discussed with his attorney at the time, then the result is a violation of Rule 3A:8(b). Rule 3A:8(b) requires that a court not accept a plea unless it determines that "the plea is made voluntarily with an understanding of the nature of the charge and the consequences of the plea." This lack of understanding of the consequences of the plea is alleged to be the error in fact which would allow the Petitioner to proceed pursuant to a writ of error *coram vobis*.

In *Neighbors v. Commonwealth*, the defendant entered an Alford plea and was convicted. *Neighbors*, 274 Va. at 506, 650 S.E.2d at 515. After the time within which to take an appeal had passed, the defendant petitioned the circuit court for a writ of error *coram nobis* based on the fact that "he did not have the requisite capacity to enter a plea because he was taking heavy doses of medication at the time the plea was given." *Id.* 275 Va. at 506, 650 S.E.2d at 515-16 (internal quotation marks omitted). The Supreme Court of Virginia upheld the circuit court's decision to not allow the defendant to proceed with the writ of *coram nobis* because of the limited applicability of the writ. *Id.* 275 Va. at 511-12, 650 S.E.2d at 518-19. The Court stated "some undefined lack of capacity due to medication at the time of his guilty plea is not a clerical error." *Id.* 275 Va. at 512, 650 S.E.2d at 519. "Neither is it a claim of an error in fact." *Id.*

In the *Zigta* case, the Court of Appeals addressed whether a guilty plea was involuntary due to the trial court's failure to address the immigration consequences of the defendant's pleas. Although this case was decided prior to *Padilla*, the court addressed what makes a plea voluntary and the court held the collateral consequences of a guilty plea, such as the immigration consequences, need not be addressed in order for the plea to have been entered voluntarily.

In the companion case to the *Morris* case, *Chan*, the Supreme Court of Virginia also held that the fact that the defendant's attorney did not advise the trial court of the defendant's immigration status was not the kind of error contemplated by § 8.01-677. *Morris*, 281 Va. at 79, 705 S.E.2d at 508. Given the holdings in *Morris, Neighbors*, and *Zigta*, the argument that the Defendant's pleas were involuntary in violation of Rule 3A:8(b) is not tenable. The holding in *Zigta* seems to preclude the Defendant's argument in that failure to inform the trial court of the defendant's immigration status does not render his guilty pleas involuntary; also, even if we assume *Padilla* has superseded the Virginia Court of Appeals holding in *Zigta*, the Defendant is still precluded from proceeding with his claim under § 8.01-677 given the holding in *Morris*.

## IV. *Conclusion*

The Supreme Court of Virginia has clearly held that ineffective assistance of counsel is not an error in fact to be remedied by use of the writ of error *coram vobis*. Because of the restricted applicability of Va. Code § 8.01-677 and the Court's holding in *Morris*, the writ of error *coram vobis* is not available to the Petitioner to seek relief on his claim of ineffective assistance of counsel. Therefore, the Respondent's plea in bar is sustained, and, because more than twenty-one days have passed since the entry of the Petitioner's conviction, pursuant to Rule 1:1, this court lacks jurisdiction to hear this matter. Furthermore, even if jurisdiction did lie in this court, the case law is clear that Va. Code § 8.01-677 is not available to the Petitioner, and thus the Respondent's demurrer would be sustained.

For the reasons articulated in this letter opinion, the Respondent's plea in bar and demurrer are sustained.